## RICHARD DAVIS v. GEORGE B. WILKERSON, Ex'r, etc.

1. HUSBAND AND WIFE AT COMMON LAW AND BY MISSISSIPPI STATUTE.—At common law the husband was responsible during the coverture for the ante-nuptial debts of the wife; because, being invested with the ownership of all her personal effects, choses in action reduced to possession, and the income of her real estate, thus succeeding to all her property and means, it was but right that he should be chargeable with her liabilities. But the Mississippi statute having retained to the wife, exclusively, all her property and its income, whether owned at the marriage or subsequently acquired, it is, in like manner, but right that she alone should continue liable for her ante-nuptial debts.

2. HUSBAND AND WIFE—REMEDIES—PRACTICE.—Though the statute of Mississippi provides that "the husband and wife may be sued jointly on all contracts and other matters for which her individual property is liable," this by no means imposes upon him any liability for her debt, or intends that any judgment *quod recuperet* shall be entered against him in such case. The only object of the provision is to afford her the benefit of his counsel and protection in all litigation affecting her estate.

ERROR to the circuit court of Yazoo county. CUNNINGHAM, J.

The facts are fully stated in the opinion of the court.

*Robert S. Hudson,* for plaintiff in error,
Filed a written argument, citing Bacon v. Bevan & Co., 44 Miss. 293; Partee et ux. v. Silliman, ib. 272.

*Miles & Epperson,* for defendant in error.

SIMRALL, J.:
*Assumpsit* was brought by the plaintiff against M. M. O'Riely to recover the amount claimed to be due

by open account. Pending the suit, M. M. O'Riely, being a single woman, intermarried with Richard Davis. The plaintiff sued out *scire facias* to make Davis a party defendant. Before the marriage, M. M. O'Riely had appeared and pleaded to the merits. Upon return of the *scire facies*, no formal order, making Davis a defendant, seems to have been made, nor was there an appearance by plea for him.

The cause was submitted to the jury, and upon their verdict judgment was rendered against both the wife and the husband. The last clause of the 25th section of the married woman's law (Code of 1857, p. 336) is as follows: "And the husband shall not be liable for debts contracted by her (the wife) before marriage, nor shall he be liable for debts contracted after marriage, if she hold separate property under this act."

At common law the husband was responsible during coverture for the ante-nuptial debts of the wife, because the marriage invested him with the ownership of all her personal effects and choses in action reduced to possession, as also the rents and income of her real estate. As, by the marriage he succeeded to the property and means of the wife, which were subject to her debts *dum sola*, it was but right that he should be chargeable in his own estate and right with her liabilities.

The statute, however, retains to the wife, exclusively, all of her property, of whatever kind, and its proceeds and income, whether owned at the marriage or subsequently acquired; it is but equity, therefore, that she should continue liable in her separate estate for her ante-nuptial debts. The statute has wisely adjusted the rights and obligations of husband and wife in harmony with the great and radical changes wrought in the marital rights and responsibilities of the respective parties. Since marriage does not transfer the wife's personal estate and the income of her lands to

her husband, " her separate property shall be liable for debts contracted by her before marriage." And as the husband is excluded from all benefit in the wife's estate, " he shall not be liable" for such debts. The 26th section provides that the wife may be sued jointly with the husband on all contracts or other matters for which his individual property is liable. This section by no means intends to impose on the husband an obli-- gation for the debt, if none existed by the terms of the contract; its motive was to give the wife the benefit of the counsel and protection of her husband in all litigations affecting her liabilities and property, whether there was upon him a legal responsibility or not. Such was our view of the subject in Bacon v. Bevan & Co., 44 Miss. 295. If there is no cause of action against the husband, he is a proper defendant for conformity and to aid the wife; but judgment *quod recuperet* cannot be rendered against him. The declaration in this case discloses no cause of action against Richard Davis, whilst he was a proper defendant for the reason indicated. There was no duty or obligation upon him to pay the debt contracted by his wife before marriage. It is unnecessary to consider the other points made in the assignment of errors.

Judgment reversed and cause remanded, and a *venire facias* awarded.